Civil Action No. ___24MC34___

| | |
|---|---|
| **IN RE MISSION HEALTH ANTITRUST LITIGATION** | **W.D.N.C. Civil Action No.: 1:22-cv-00114-MR** |

### DECLARATION OF DANA C. LUMSDEN IN SUPPORT OF MOTION TO COMPEL NON-PARTY BLUE CROSS BLUE SHIELD OF NORTH CAROLINA TO PRODUCE DATA AND DOCUMENTS

I, Dana C. Lumsden, hereby declare as follows:

1. I am duly licensed to practice law in the State of North Carolina. I am a partner of the law firm BRADLEY ARANT BOULT CUMMINGS LLP, counsel for Defendants ANC Healthcare, Inc. (formerly known as Mission Health System, Inc.) and Mission Hospital, Inc. (hereinafter collectively, the "**ANC Defendants**").

2. I am over the age of 18 and I have personal knowledge of the facts set forth herein. If called to testify, I could and would testify thereto competently. I make this declaration in support of Defendants' Motion to Compel Production Non-Party Blue Cross Blue Shield of North Carolina ("**BCBSNC**") to Produce Data and Documents.

3. As part of discovery in *In re Mission Health Antitrust Litigation*, No. 1:22-CV-00114 (W.D.N.C.) and *Davis, et al. v. HCA Healthcare, Inc., et al.*, No. 21-CVS-3276 (N.C.B.C.), Defendants served subpoenas on BCBSNC on June 17, 2024 (the

1

"Subpoenas"). The Subpoenas commanded compliance in Durham, North Carolina on July 17, 2024. Attached as Exhibit 1 hereto are true and correct copies of the Subpoenas.

4. On July 31, 2024, BCBSNC's counsel served its responses and objections to the Subpoenas. (Exhs. 2 and 3 hereto).

5. Counsel for the Defendants have met and conferred with counsel for BCBSNC to discuss the Subpoenas via video conference on July 11, July 26, August 1, August 9, August 20, September 24, October 4, October 10, November 26, and December 20, 2024. Plaintiffs' counsel in both actions also participated in the vast majority of these conferences.

6. On July 23, 2024, Defendants' counsel e-mailed BCBSNC's counsel to provide a joint crosswalk identifying the overlap among Defendants' document requests and the documents requests of both sets of Plaintiffs. In addition, the parties provided a consolidated set of data requests to BCBSNC to satisfy the document requests of all parties. (Exh. 4).

7. On September 3, 2024, Defendants' counsel sent a letter to BCBSNC's counsel regarding compliance with the Subpoenas. (Exh. 5). Among other things, the letter inquired regarding the high priority requests that the Defendants had previously identified during a prior videoconference.

8. On September 11, 2024, Defendants' counsel sent a letter to BCBSNC's counsel regarding the status of BCBSNC's compliance with the Subpoenas. (Exh. 6). In

2

that letter, Defendants summarized the parties' discussions regarding the availability of claims data from other, recent antitrust litigations.

9. On September 27, 2024, counsel for BCBSNC e-mailed counsel for Defendants and Plaintiffs regarding the claims data and documents that BCBSNC would produce in response to the Subpoenas. (Exh. 7). BCBSNC's counsel requested that the parties provide a proposed list of custodians and search terms. BCBSNC's counsel stated that "BCBSNC typically utilizes a third party vendor to perform the searching necessary to respond to requests of this sort, and the expense in prior matters has been significant in those cases (very often well in excess of $100k). As a third party in your case, BCBSNC believes – and believes a Court would agree – an expense of this magnitude is unreasonable for BCBSNC to be required to bear, and that cost shifting should occur if you intend to continue your request for ESI searching (particularly if broader than a very small number of custodians and a very small number of search terms)."

10. Also on September 27, 2024, counsel for Defendants sent an e-mail to BCBSNC's counsel, attaching a list of nine (9) proposed custodians and twelve (12) proposed search strings for BCBSNC to use during its collection of ESI. (Exh. 8). Counsel for the Defendants and Plaintiffs jointly prepared the list of custodians and search strings.

11. On October 18, 2024, counsel for Defendants e-mailed BCBSNC's counsel regarding the data and documents requested in the Subpoenas. (Exh. 9). Counsel for the Defendants agreed to narrow the scope of Request Nos. 2, 3, and 4, which seek

3

BCBSNC's contracts and related documents with health care providers, by specifying only ten (10) providers for which BCBSNC would need to produce documents.

12. On November 14, 2024, counsel for BCBSNC e-mailed counsel for the Defendants and counsel for the Plaintiffs regarding certain data and documents it would produce in response to the Subpoenas. (Exh. 10). With respect to an ESI collection of BCBSNC's e-mails, counsel for BCBSNC stated that "the parties' request for additional emails is not reasonable in the circumstances. If the parties are prepared to bear the cost of such a search (and I understand it would likely be in excess of 100k or more) please let me know and we can meet and confer on the specifics of a cost sharing agreement." (Id.)

13. On November 19, 2024, counsel for Defendants e-mailed BCBSNC regarding certain claims data and documents. (Exh. 11). Understanding that BCBSNC would not undertake an ESI collection or production unless it was compensated, Defendants explained that additional information was needed to understand the basis for the request for shifting BCBSNC's expenses to the parties. In particular, Defendants inquired: "For example, has BCBS NC collected documents from the custodians that the parties jointly proposed on September 27? Have the proposed search terms been run across these documents to get an estimated hit count? Other than the contracts we've been discussing, does BCBS NC anticipate producing any additional go-get documents? This information will help the parties evaluate the fee request and next steps." Counsel for BCBSNC did not respond to these questions.

14.     On November 26, 2024, counsel for Defendants e-mailed BCBSNC's counsel to follow up regarding a meet and confer held that day. (Exh. 12). Among other things, Defendants reiterated their request that BCBSNC run the search terms proposed on September 27, 2024 and "generate a search term hit report so we can further discuss how to efficiently identify responsive information and eliminate any potentially over-inclusive terms; but we cannot do that until the data has been collected." Defendants' counsel also requested that BCBSNC "provide as much information as you can to support" the cost estimate of $80,000-$100,000.

15.     On December 5, 2024, counsel for BCBSNC responded via e-mail to the inquiries from Defendants and Plaintiffs regarding additional information regarding the percentage of estimated ESI collection and production costs that BCBSNC proposed the parties should pay. (Exh. 13). As stated in that e-mail message: "BCBSNC's position is that it has already gone above and beyond in its efforts to respond to these subpoenas (at significant expense), and that ESI searches to supplement the production would add additional burdens and expense that are outweighed by the likely benefits. Accordingly, if the parties remain interested in ESI searches, BCBSNC maintains that the cost for such searches should be borne exclusively by the parties, not BCBSNC. I have previously estimated that expense at $80-100k."

16.     On December 13, 2024, counsel for the Defendants emailed BCBSNC's counsel, informing BCBSNC that Defendants would not agree to pay BCBSNC's

5

expenses for compliance with the Subpoenas and intended to file a motion to compel BCBSNC's compliance with the Subpoenas and to seek judicial intervention. (Exh. 14).

17. On December 18, 2024, BCBSNC's counsel responded to that e-mail message, stating, for the first time, that BCBSNC would be "willing to consider a sharing of expense, revisions to your proposed search terms, and/or revisions to the date range for the searches." Counsel for Defendants responded on the same day. (Exh. 15).

18. On December 20, 2024, counsel for the Defendants and counsel for BCBSNC conducted a meet and confer via videoconference. During that conference, the parties discussed whether BCBSNC would change its position that the parties should bear all or a significant portion of its expenses for a custodial ESI collection and other avenues to conduct a custodial ESI search. During that conference, the parties were unable to reach an agreement on how to proceed, however, and the Defendants confirmed their intention to seek the Court's guidance by means of a motion to compel. On that same date, counsel for BCBSNC acknowledged the filing and stated that BCBSNC would not consent to transferring Defendants' motion to compel to the United States District Court for the Western District of North Carolina.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

6

Executed this 23rd day of December, 2024, in Charlotte, North Carolina

/s/ *Dana C. Lumsden*
Dana C. Lumsden
*Counsel for ANC Defendants*

7

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that the foregoing ***Declaration of Dana C. Lumsden*** was filed via Federal Express and served via e-mail upon counsel for non-party Blue Cross Blue Shield of North Carolina and all counsel of record in *In Re Mission Health Antitrust Litigation*, 1:22-cv-00114 as follows:

James M. Burns
WILLIAMS MULLEN
8350 Broad Street, Suite 1600
Tysons, VA 22102
jmburns@williamsmullen.com

*Counsel for BCBSNC*

Brendan P. Glackin
Dean M. Harvey
LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
275 Battery Street, Suite 2900
San Francisco, CA 94111
bglackin@lchb.com
dharvey@lchb.com

Daniel E. Seltz
LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
250 Hudson Street, 8th Floor
New York, NY 10013
dseltz@lchb.com

Robert N. Hunter, Jr.
Fred Berry
John F. Bloss
HIGGINS BENJAMIN, PLLC
301 North Elm Street, Suite 800
Greensboro, NC 27401
rnhunterjr@greensborolaw.com
fberry@greensborolaw.com
jbloss@greensborolaw.com

Robert E. Litan
Daniel J. Walker
BERGER MONTAGUE PC
1001 G Street, NW
Suite 400 East
Washington, DC 20001
rlitan@bm.net
dwalker@bm.net

Eric L. Cramer
Andrew C. Curley
Jacob M. Polakoff
Julia R. McGrath
J. Taylor Hollinger
BERGER MONTAGUE PC
1818 Market Street, Suite 3600
Philadelphia, PA 19103
ecramer@bm.net
acurley@bm.net
jpolakoff@bm.net
jmcgrath@bm.net
thollinger@bm.net

*Counsel for Plaintiffs*

8

This the 23rd day of December, 2024.

/s/ *Dana C. Lumsden*
Dana C. Lumsden

9